UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESUS ALEJANDRO MONTILLA RODRIGUEZ, | § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | CIVIL ACTION NO. 3:23-CV-1449-B |
| UR MENDOZA JADDOU and MARY ELIZABETH BRENNAN SENG, | | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Ur Mendoza Jaddou and Mary Elizabeth Brennan Seng (collectively, "Defendants")'s Motion to Dismiss (Doc. 30). For the following reasons, the Court **GRANTS** the Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff Jesus Alejandro Montilla Rodriguez's claims. A final judgment will follow.

I.

BACKGROUND

This is an immigration case. Plaintiff Jesus Alejandro Montilla Rodriguez is a Venezuelan national. Doc. 16, Am. Compl., ¶ 5. In October 2022, he filed a Form I-140 Immigrant Petition for an Alien Worker ("I-140 petition") with the United States Customs and Immigration Service ("USCIS"), seeking to become a lawful permanent resident of the United States. *Id.* ¶ 23. Specifically, Rodriguez seeks a national-interest waiver, so that he can provide his expertise to American oil refineries. *Id.* ¶ 24. Ordinarily, an alien must have received a job offer from an employer in the United States to be awarded an employment-based visa. *See* 8 U.S.C.

§ 1153(b)(2)(A); 8 C.F.R. § 204.5(j)(5). However, the USCIS has discretion to grant a national-interest waiver to the job offer requirement and thereby approve an applicant's I-140 petition. *See id.* § 1153(b)(2)(B)(i); *see* 8 C.F.R. § 204.5(k)(4)(ii). Here, Rodriguez did not have an employment sponsor, so he requested a national-interest waiver to the job offer requirement in his I-140 petition. Doc. 16, Am. Compl., ¶ 1.

On May 4, 2023, the USCIS issued its final decision declining to award Rodriguez a national-interest waiver and consequently denying Rodriguez's I-140 petition. *Id.* ¶ 43. He then sued the Defendants in their official capacities, seeking to have the USCIS's decision vacated and remanded to the agency for further review. *Id.* at 20. Defendants filed a Motion to Dismiss, arguing that the Immigration and Nationality Act ("INA") strips the Court of jurisdiction over this case. Doc. 30, Mot., 1. The Court considers the Motion below.

## II.

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017) (citation omitted). Thus, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id.* (cittaions omitted). "If the record does not contain sufficient evidence to show that subject matter jurisdiction exists, a federal court does not have jurisdiction over the case." *Id.* "Congress has plenary authority to regulate federal court jurisdiction and can withhold such jurisdiction at its discretion." *In re B-727 Aircraft Serial No. 21010*, 272 F.3d 264, 269 (5th Cir. 2001).

III.

ANALYSIS

Rodriguez argues that the USCIS violated his due process rights by "applying novel criteria, rather than applying the clear criteria set forth in controlling [USCIS] case precedent." Doc. 16, Am. Compl., ¶ 60. Rodriguez also seeks a declaratory judgment that Defendants violated the Administrative Procedures Act ("APA") and wants the Court to order USCIS to reconsider his I-140 petition, presumably pursuant to the Mandamus Act. *Id.* ¶¶ 8, 45–53. Rodriguez contests that the Court possesses jurisdiction over this case under five statutes: (1) 28 U.S.C. § 1331; (2) 28 U.S.C. § 1343; (3) the Declaratory Judgment Act; (4) the APA; and (5) the Mandamus Act. Doc. 16, Am. Compl., ¶¶ 8–10. Defendants argue that the jurisdictional bar found in the INA deprives this Court of jurisdiction from reviewing the USCIS's decision to deny Rodriguez's I-140 petition, meaning that none of the statutes Rodriguez cites can support jurisdiction. *See generally* Doc. 30, Mot. The Court agrees with Defendants.

The INA prohibits judicial review of "any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be *in the discretion* of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added). Additionally, the Secretary of Homeland Security delegated its power to grant national-interest waivers to the USCIS. *Flores v. Garland*, 72 F.4th 85, 87 (5th Cir. 2023). The Fifth Circuit recently concluded that the USCIS's denial of a national-interest waiver is a discretionary decision. *Id.* at 89. Therefore, the Fifth Circuit held, § 1252(a)(2)(B)(ii) bars district courts from reviewing the USCIS's denial of an I-140 petition. *Id.* at 88. Here, the USCIS exercised its discretion by declining to award Rodriguez a national-interest waiver to the job offer requirement

and denying his I-140 petition. Doc. 16, Am. Compl., ¶¶ 1–4. Because Rodriguez now seeks judicial review of the USCIS's discretionary decision, this Court lacks jurisdiction over his Amended Complaint. *See Flores*, 72 F.4th at 89.

Rodriguez does not address how *Flores* impacts his claim. Instead, he asserts that he only seeks judicial review of the procedures used by the USCIS when reviewing his claim, as opposed to seeking judicial review of the substance of the USCIS's decision. Doc. 31, Resp., 6–7. Specifically, Rodriguez argues that the USCIS failed to follow its own binding regulations, and that this Court has the power to order the USCIS to reconsider his petition "pursuant to the nondiscretionary criteria . . . outlined in *Matter of Dhanasar*." Doc. 31, Resp., 9–10. Rodriguez misunderstands the USCIS's decision in *Dhanasar*.

The *Dhanasar* decision did not create any binding regulations or non-discretionary requirements that the USCIS must follow when assessing I-140 petitions. Instead, the *Dhanasar* decision established three elements that, if satisfied, allow the USCIS to exercise its discretion to grant the applicant a national-interest waiver. *In re Dhanasar*, 26 I. & N. Dec. 884, 889 (USCIS Admin. Appeals Office 2016) ("If these three elements are satisfied, USCIS *may* approve the national-interest waiver as a matter of discretion." (emphasis added)). Thus, *Dhanasar* only limits USCIS's discretion to *approve* I-140 petitions, but it does not limit USCIS's discretion when *denying* them. *See Flores*, 72 F.4th at 93. Because *Dhanasar* did not establish any binding regulations the USCIS must follow when denying a request for a national-interest waiver, any decision denying such a waiver remains *entirely* within the agency's discretion. USCIS made a discretionary decision when denying Rodriguez a national-interest waiver. Thus, the jurisdictional bar of § 1252(a)(2)(B)(ii) applies here. Accordingly, the Court lacks jurisdiction to review whether the USCIS considered the

factors outlined in *Dhanasar* pursuant to Rodriguez's claim under the APA. *See Flores*, 72 F.4th at 88–89 (5th Cir. 2023) (concluding the court lacked jurisdiction over the plaintiff's APA claim, which was the only remaining claim on appeal).

Rodriguez also asserts that four other statutes confer subject-matter jurisdiction: (1) the Declaratory Judgment Act; (2) the Mandamus Act; (3) 28 U.S.C. § 1343; and (4) 28 U.S.C. § 1331. Doc. 16, Am. Compl., ¶¶ 8–10. However, he raises each of these statutes solely to seek judicial review of the USCIS exercising its discretion, *see generally id.*, and § 1252(a)(2)(B)(ii) specifies that: "Notwithstanding any other provision of law (statutory or nonstatutory), including [the Mandamus Act] . . . no court shall have jurisdiction to review . . . any other decision . . . which is specified under this subchapter to be in the discretion of the Attorney General." 8 U.S.C. § 1252(a)(2)(B)(ii). Thus, none of the other "provisions of law" raised in the Amended Complaint can be used to establish this Court's subject-matter jurisdiction over this dispute. *See id.*

The Court likewise lacks jurisdiction to consider what Rodriguez labels a due process claim. When arguing that Defendants violated his due process rights, Rodriguez contends that the USCIS improperly considered new criteria when assessing his I-140 application. Doc. 16, Am. Compl., ¶¶ 53–63. This purported due process claim is, in essence, asking the Court to review the USCIS's discretionary decision, meaning that "[Rodriguez] 'cannot separate [his] constitutional claim[] from [USCIS]'s exercise of discretion.'" *Ike v. United States Citizenship & Immigr. Servs.*, No. 3:21-CV-2320-D, 2022 WL 717262, at *2 (N.D. Tex. Mar. 10, 2022) (Fitzwater, J.) (alterations in original) (citing *Mousavi v. U.S. Citizenship & Immigration Servs.*, 828 Fed. App'x. 130, 133 (3d Cir. 2020)). However, a district court "lacks jurisdiction to consider constitutional claims that require it to revisit and review USCIS's exercise of discretion." *Id.* (citations and alterations omitted). Because Rodriguez's

constitutional claim seeks review of the USCIS's exercise of discretion, the Court lacks subject-matter jurisdiction to consider it. *See id.*; 8 U.S.C. § 1252(a)(2)(B)(ii). Therefore, the Court lacks jurisdiction over the case.

## IV.

## CONCLUSION

For the reasons discussed above, the Court concludes that it lacks subject-matter jurisdiction over this dispute. Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss (Doc. 30) and **DISMISSES WITHOUT PREJUDICE** Rodriguez's claims. A final judgment will follow.

SO ORDERED.

SIGNED: June 27, 2024.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE